## Gordon M. Richardson
### v.
## Adolph Ascher et al., Assignees.

*Insolvency—Attachment—Voluntary Assignment—Prior Levy—Judgment—Verdict.*

1. Upon a contention as to whether a levy under a writ of attachment was made before the filing for record of a certain deed of assignment, this court declines, in view of the evidence, to interfere with the judgment of the trial court, denying the petition for priority.

2. In such cases the law gives the same respect to the judgment of the court as to a verdict of a jury.

[Opinion filed December 2, 1889.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. E. A. ABORN, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellees.

GARNETT, J.   This is a contest between appellant, an attach-
ment creditor of Simon Richter, and appellees, to whom
Richter made a voluntary assignment for the benefit of his
creditors, on April 10, 1889.   Appellant's writ of attachment
was sued out the same day the assignment was made, but
prior to both the stock of goods belonging to Richter had
been levied upon by the sheriff of Cook County, under an
attachment writ issued from the Superior Court of Cook
County, in favor of Moore Brothers, and at the same time the
goods were subject to a lien in favor of one Miller, under an
execution then in the hands of the sheriff.   Finding his stock
of goods in possession of the sheriff, by virtue of the attach-
ment in favor of Moore Brothers, Richter caused an assign-
ment to appellees to be prepared, executed the same before
eleven o'clock in the forenoon of April 10th, and it was filed
for record both in the recorder's office and in the office of the
clerk of the County Court of Cook County at twelve o'clock
at noon of that day.   Immediately after the assignment was
executed, Richter and Ascher called at the sheriff's office and
gave notice of the assignment, telling the deputy sheriff that the
assignee wanted possession of the stock of goods.   Appellant
claims that, before the sheriff was notified of the assignment,
the constable, in whose hands the writ of attachment was
placed for the purpose of levying, informed the deputy sheriff
that he had the writ, and wanted to make a levy thereunder
on the stock of goods.   The constable did indorse upon
the writ of attachment a levy upon the stock, and stated in
his return that the levy was made in the forenoon at eleven
o'clock and twenty-five minutes.   If the statement in the
constable's return of his levy, as to the time it was so made,
is evidence of the exact time of the levy, it is not conclusive.
There was other evidence strongly tending to prove that the
deputy sheriff did not see the constable that day until after
twelve o'clock at noon, and it is not pretended that the sheriff

himself was notified of appellant's attachment.    If the deputy sheriff was not notified of appellant's attachment until after twelve o'clock at noon, it was clearly too late to give appellant a lien prior to the title of the assignees.    The County Court heard the evidence, saw the witnesses, and, believing the evidence in favor of the assignees, dismissed the appellant's petition for priority.    In such cases the law gives the same respect to the judgment of the court as to a verdict of a jury.    Wood v. Price, 46 Ill. 436.    The judgment is affirmed.

*Judgment affirmed.*